**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BENITHA DAVIS**, <br><br> Plaintiff, <br><br> v. <br><br> **NTT DATA AMERICAS, INC.**, <br><br> Defendant. | Case No.  24-cv-4975 <br><br> Removed from the State of Illinois, <br> Circuit Court of Cook County, <br> Case No. 2024L005305 |

**NOTICE OF REMOVAL**

Defendant, NTT DATA Americas, Inc. ("NTT DATA" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. This removal is based on jurisdiction under the existence of diversity jurisdiction, 28 U.S.C. §§ 1332(a), 1441. In support of its Notice of Removal, Defendant states the following:

***The State Court Action***

1.      On May 13, 2024, Plaintiff Benitha Davis ("Davis" or "Plaintiff") filed a lawsuit ("Complaint") in the Circuit Court of Cook County, Illinois, captioned *Benitha Davis, v. NTT DATA, Inc.*, Case No. 2024L005305 (the "Action"). The Complaint alleges Defendant violated the Illinois Equal Pay Act (820 ILCS 112/5, *et seq.*).  *See* **Exhibit 1**, Complaint.

2.      Defendant has not been served with a copy of the Summons and Complaint but was made aware of the Complaint by other means.

3.      This Notice of Removal is timely filed within 30 days of Defendant's notice of the Complaint as permitted by 28 U.S.C. § 1446(b).

### Jurisdiction and Venue

4.      Because the Circuit Court of Cook County, Illinois lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

5.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)(1), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.[1]

### Diversity of Citizenship

6.      The parties to this Action are diverse because they are citizens of different states.

7.      **Plaintiff's Citizenship.**  For purposes of diversity, an individual is a citizen of the state in which he or she is domiciled. *Strabala v. Zhang*, 318 F.R.D. 81, 97 (N.D. Ill. 2016). A person's domicile is the place where he or she is physically present and intends to make his or her home, at least for the time being. *See Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980). For purposes of diversity jurisdiction, citizenship is determined at the time the suit is filed. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012).

8.      As set forth in her Complaint, Plaintiff was domiciled in Illinois, and she is, therefore, a citizen of Illinois. (Ex. 1, Compl., ¶ 1; **Ex. 2**, _____ Decl., ¶ 6).

9.      **Defendant's Citizenship.**  The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Corporations are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business. *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990).

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

10. NTT DATA is a corporation incorporated under the laws of the state of Delaware. (Ex. 2, _____ Decl., ¶ 4). NTT DATA's headquarters, corporate offices, and principal place of business is located in Texas. *See id*.

11. Thus, complete diversity is satisfied because Plaintiff is a citizen of Illinois, and Defendant is a citizen of Delaware and Texas.

### *Amount in Controversy*

12. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). A defendant need only establish by a preponderance of the evidence that a prevailing plaintiff could stand to recover over $75,000, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, 2007 U.S. Dist. LEXIS 21135 at *6 (N.D. Ill. March 26, 2007). Indeed, where a plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511. Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction "only if it appears to a ***legal certainty*** that the claim is really for less than the jurisdictional amount." *Id*. (emphasis added); *see also Spivey v. Vertrue, Inc*., 528 F. 3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much").

13. In Plaintiff's prayer for relief, she seeks monetary damages in the form of backpay, special damages, compensatory damages, punitive damages, pre-judgment interest, and reasonable attorneys' fees and costs. (*See* Compl., p. 5). Plaintiff asserts she became a "BPO Manager" on September 5, 2021, and estimates "[t]he first BPO manager is paid some $60,000 more per annum than Plaintiff." *See* Compl., ¶ 6, 14. Thus, based upon this alleged discrepancy for 2 years and 9 months, the amount in controversy in backpay alone is $165,000.

14. On top of backpay, Plaintiff seeks compensatory damages, punitive damages, pre-judgment interest, and reasonable attorney's fees and costs, which further solidify that the amount in controversy has been met. *See, e.g., Hoidas v. Wal-Mart Stores, Inc.*, No. 09 C 7409, 2010 WL 1790864, at *3 (N.D. Ill. April 30, 2010) (amount in controversy satisfied where plaintiff alleged that she sought more than $50,000 and alleged damages for medical expenses and pain and suffering); *see also LM Ins. Corp v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir. 2008) (courts may rely on punitive damages to satisfy the amount in controversy where they are recoverable under state law); 775 ILCS 5/10-102(C)(1) (providing for potential recovery of punitive damages).

15. Thus, based upon her pleadings, it does not appear to a legal certainty that Plaintiff seeks $75,000 or less.

16. While Defendant denies the validity and merit of all of Plaintiff's claims and denies her requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this Action in excess of $75,000, which exceeds this Court's jurisdictional minimum.

17. As a result of the diversity of citizenship and amount in controversy, removal of this Action is appropriate.

*Compliance With Procedural Requirements*

18.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant's notice of the Complaint.

19.     Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Benitha Davis, as required by 28 U.S.C. § 1446(d), through her attorneys, Tod Rottman, Barret & Farahany, 77 W. Wacker, Suite 4500, Chicago, IL 60602.

20.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

21.     Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant NTT DATA hereby removes this Action from the Circuit Court of Cook County, Illinois, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated:  June 14, 2024                                    Respectfully submitted,

                                                       **NTT DATA AMERICAS, INC.**


                                                       /s/ *Elizabeth Hanford*
                                                       One of Defendant's Attorneys

Shanthi Gaur, Bar No. 6224996
sgaur@littler.com
Elizabeth Hanford, Bar No. 6324009
ehanford@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street - Suite 1100
Chicago, IL 60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

6

## **CERTIFICATE OF SERVICE**

Elizabeth Hanford, an attorney, hereby certifies that, on June 14, 2024, she caused a copy

of the foregoing to be electronically filed with the Clerk of the Court, using the CM/ECF system,

and served upon the following counsel of record via mail:


Tod Rottman
Barret & Farahany
77 W. Wacker, Suite 4500
Chicago, IL 60602
773-366-8521
trottman@justiceatwork.com



*/s/ Elizabeth Hanford*

# EXHIBIT 1

FILED
5/13/2024 4:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L005305
Calendar, Q
27670216

FILED DATE: 5/13/2024 4:30 PM  2024L005305

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BENITHA DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>NTT DATA AMERICAS, INC.<br><br>    Defendants. | CASE NO.<br><br>**PLAINTIFF DEMANDS A JURY OF TWELVE** |

## COMPLAINT FOR VIOLATIONS OF
## THE ILLINOIS EQUAL PAY ACT, 820 ILCS 112

Plaintiff, Benitha Davis ("Davis" or "Plaintiff"), by and through her attorneys, Barrett & Farahany, and for her Complaint against NTT Data Americas, Inc. ("NTT" or "Defendant"), states as follows:

### Parties

1.    Plaintiff, Benitha Davis, is a female individual who is a resident of Cook County, Illinois.

2.    Davis is an employee as defined under the Illinois Equal Pay Act, 820 ILCS 112/5.

3.    NTT is a registered corporation, doing business in Cook County, Illinois, as a vendor used by the City of Chicago to manage complaints/inquiries from media, customers, residents and clients of the City of Chicago.

4.    NTT is an employer as defined under the Illinois Equal Pay Act, 820 ILCS 112/5.

### Facts

5.    Plaintiff began working for Defendant on or about October 15, 2019, as a supervisor.

FILED DATE: 5/13/2024 4:30 PM    2024L005305

6. On or about September 5, 2021, Plaintiff became a BPO Manager, SDM City of Chicago ("BPO Manager").

7. As a BPO Manager, Plaintiff is responsible for, among other duties, supervising four teams that handle complaints and inquiries to the City of Chicago Water Department.

8. Plaintiff's team is based at 121 N. Lasalle, Chicago, Illinois.

9. Plaintiff is one of four BPO managers.

10. The other BPO managers and one other similarly situated manager, perform the same job functions under similar circumstances and are all male.

11. The first of those BPO managers manages a team doing substantially the same work as Plaintiff, responsible for, among other duties, supervising four teams that handle complaints and inquiries to the City of Chicago Water Department.

12. While Plaintiff's teams takes complaints respecting water bills where people are making in person complaints and inquiries, the first male BPO manager's teams takes complaints about water bills while done over the phone.

13. Substantively the first BPO manger's teams does the same thing as Plaintiff's team.

14. The first BPO manager is paid some $60,000 more per annum than Plaintiff.

15. Defendant paying the first BPO manager, a male, more than Plaintiff, a female, is an egregious and malicious action taken for no justifiable reason.

16. The second BPO manager manages a team which substantively performs the same duties as Plaintiff's teams but is in the Tax Department.

17. Although the team addresses a different kind of complaint, their work is substantively the same as that done by Plaintiff's team, such as being responsible for, among other duties, handling complaints and inquiries to the City of Chicago Tax Department.

18. The second BPO manager is paid some $40,000 more than Plaintiff.

19. Defendant paying the second BPO manager, a male, more than Plaintiff, a female, is an egregious and malicious action taken for no justifiable reason.

20. The Third BPO manager took Plaintiff's position when she was on medical leave.

21. The third BPO manager performed the same functions, under the same circumstances as Plaintiff, when he replaced her.

22. The Third BPO manager is paid some $15,000.00 more than Plaintiff.

23. Defendant paying the Third BPO manager, a male, more than Plaintiff, a female, is an egregious and malicious action taken for no justifiable reason.

24. Plaintiff returned to work and was assigned a different team given that the third BPO manager kept part of her team.

25. Plaintiff made complaints to Human Resources on or about April of 2023 about the differences in pay.

26. Without justification and with malicious intent, Defendant has done nothing to address the complaints.

27. Defendant continues to improperly pay Plaintiff, in part, because she made complaints about the difference in pay.

## COUNT I

### DEMAND FOR RELIEF
### FOR UNEQUAL PAY IN VIOLATION OF THE ILLINOIS EQUAL PAY ACT

28. Plaintiff restates and re-alleges paragraphs 1 through 27, as paragraph 28 of this Count I.

29. Defendant paid different wages to male employees than to Plaintiff, a female.

30. Plaintiff did equal work which requires equal skill, effort, and responsibility as her male counterparts.

31. Employees with the same or similar positions as that of Plaintiff have similar working conditions.

32. There was and is in full force and effect the Illinois Equal Pay Act, 820 ILCS 112.

33. By virtue of the foregoing, Defendant violated the Illinois Equal Pay Act.

34. As a result of Defendant's unlawful employment practices and malicious disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

35. Defendant's violations were taken with a willful and wanton disregard for Plaintiff's rights under the Illinois Equal Pay Act, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Benitha Davis, respectfully requests that this Honorable Court enter judgment in her favor and against NTT Data America's, Inc. for back pay, special damages, compensatory damages, punitive damages, interest, attorneys' fees and costs, and for such other and further relief allowed by statute, and this Court deems just and equitable.

## <u>COUNT II</u>

### DEMAND FOR RELIEF
### FOR RETALIATION IN VIOLATION OF THE ILLINOIS EQUAL PAY ACT

36. Plaintiff restates and re-alleges paragraphs 1 through 27, as paragraph 36 of this Count II.

37. By virtue of the foregoing, Defendant retaliated against Plaintiff for having made complaints of unequal pay and discrimination.

38. There was and is in full force and effect the Illinois Equal Pay Act, 820 ILCS 112.

39.     By virtue of the foregoing, Defendant violated the Illinois Equal Pay Act.

40.     As a result of Defendant's unlawful employment practices and malicious disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, lost wages, and other damages of both a pecuniary and non-pecuniary nature.

41.     Defendant's violations were taken with a willful and wanton disregard for Plaintiff's rights under the Illinois Equal Pay Act, warranting the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff, Benitha Davis, respectfully requests that this Honorable Court enter judgment in her favor and against NTT Data America's, Inc. for back pay, special damages, compensatory damages, punitive damages, interest, attorneys' fees and costs, and for such other and further relief this Court deems just and equitable.

Respectfully submitted,

Benitha Davis

By: /s/ Tod Rottman
Her Attorney

Tod Rottman
Barret & Farahany
77 W. Wacker, Suite 4500
Chicago, IL 60602
773-366-8521
trottman@justiceatwork.com
Firm Number:  100999

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENITHA DAVIS,

                Plaintiff,

          v.

NTT DATA AMERICAS, INC.,

                Defendant.

Case No. 24-cv-4975

Removed from the State of Illinois,
Circuit Court of Cook County,
Case No. 2024L005305

## DECLARATION OF BRITTANY SCYBERT

COMES NOW, Brittany Scybert and, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

2. I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon business records which I have reviewed.

3. I am currently employed by NTT DATA Americas, Inc. ("NTT DATA" or the "Company") as an HR Senior Manager. In my role, I have regular and customary access to the Company's business records, data, and other information regarding employees and operations. These business records are made in the ordinary and regular course of Company business at or near the time the recorded acts, conditions, and events occurred, by a Company representative with knowledge of the information recorded. These business records are kept in the regular course of business activity, upon which I regularly use and rely in the course of performing my job duties.

4. According to Company business records, NTT DATA is a Delaware corporation with its headquarters, corporate offices, and principal place of business in Plano, Texas.

5. Plaintiff Benitha Davis ("Davis") is an active employee of NTT DATA.

6. NTT DATA's business records reflect that Davis is a citizen of Illinois.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14 day of June 2024.

Brittany Scybert

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BENITHA DAVIS**, | |
| Plaintiff, | Case No.   24-cv-4975 |
| v. | Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2024L005305 |
| **NTT DATA AMERICAS, INC.,** | |
| Defendant. | |

**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**

To:   Tod Rottman
Barret & Farahany
77 W. Wacker, Suite 4500
Chicago, IL 60602
trottman@justiceatwork.com

PLEASE TAKE NOTICE that on June 14, 2024, Defendant NTT DATA Americas Inc., by and through its attorneys, Littler Mendelson, P.C., filed its Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of this action now pending in the Circuit Court of Cook County, Case No. 2024L005305.  A copy of that Complaint was filed with the Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal is attached to this Notice and hereby served upon you.

Dated:  June 14, 2024

Respectfully submitted,

**NTT DATA AMERICAS, INC.**


/s/ *Elizabeth Hanford*

One of Defendant's Attorneys

Shanthi Gaur, Bar No. 6224996
sgaur@littler.com
Elizabeth Hanford, Bar No. 6324009
ehanford@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street - Suite 1100
Chicago, IL 60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

2

**CERTIFICATE OF SERVICE**

Elizabeth Hanford, an attorney, hereby certifies that, on June 14, 2024, she caused a copy

of the foregoing to be electronically filed with the Clerk of the Court, using the CM/ECF system,

and served upon the following counsel of record via mail:


Tod Rottman
Barret & Farahany
77 W. Wacker, Suite 4500
Chicago, IL 60602
773-366-8521
trottman@justiceatwork.com


*/s/ Elizabeth Hanford*

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BENITHA DAVIS**, <br><br> Plaintiff, <br><br> v. <br><br> **NTT DATA AMERICAS, INC.**, <br><br> Defendant. | Case No. 2024L005305 |

**DEFENDANT'S NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that on June 14, 2024, Defendant NTT DATA Americas, Inc., by and through its attorneys, Littler Mendelson, P.C., filed a Notice of Removal with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A true and correct copy of the Notice of Removal is attached as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal in Federal Court, together with the filing of a copy of said Notice with this Court, effects the removal of this Action in accordance with 28 U.S.C. § 1446(d).

Dated: June 14, 2024

Respectfully submitted,

**NTT DATA AMERICAS, INC.**

/s/ *Elizabeth Hanford*
One of Defendant's Attorneys

Shanthi Gaur, Bar No. 6224996
sgaur@littler.com
Elizabeth Hanford, Bar No. 6324009
ehanford@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street - Suite 1100
Chicago, IL 60654
Telephone:     312.372.5520
Facsimile:     312.372.7880

2

## **CERTIFICATE OF SERVICE**

Elizabeth Hanford, an attorney, hereby certifies that, on June 14, 2024, she caused a copy

of the foregoing to be served upon the following counsel of record via mail:


Tod Rottman
Barret & Farahany
77 W. Wacker, Suite 4500
Chicago, IL 60602
773-366-8521
trottman@justiceatwork.com



*/s/ Elizabeth Hanford*
One of Defendant's Attorneys